UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

SOFIA ACOSTA, an individual,

     Plaintiff,

vs.

COSTA DEL SOL GOLF CLUB INC.,
a Florida Corporation,

     Defendant.
_____/

## COMPLAINT

1.     Plaintiff, SOFIA ACOSTA (hereinafter referred to as "Plaintiff" and "ACOSTA"), was an employee of Defendant, COSTA DEL SOL GOLF CLUB INC., a Florida Corporation (hereinafter "Defendant" or "COSTA DEL SOL GOLF CLUB"), and brings this action against Defendant for alleged sex/gender discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.*

2.     At all times material to this action, ACOSTA has been an individual residing in Miami-Dade County, Florida, within the jurisdiction of this Court.

3.     COSTA DEL SOL GOLF CLUB is a Florida Corporation that at all times material to this action has owned and/or operated a golf course and club in Miami-Dade County, Florida located at 100 Costa Del Sol Blvd., Doral, Florida 33178, within the jurisdiction of this Court.

4.     Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and 42 U.S.C. §2000.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in Miami-Dade County, within the

jurisdiction of the United States District Court for the Southern District of Florida.

6.      In approximately August 2019, when ACOSTA was Eighteen (18) years of age, COSTA DEL SOL GOLF CLUB hired Plaintiff as a Desk Attendant.

7.      Between approximately August 2019 and February 2020, ACOSTA was employed by COSTA DEL SOL GOLF CLUB as a Desk Attendant based upon a regular rate of approximately $11.00 per hour.

8.      At all times material to this action, ACOSTA was an employee of COSTA DEL SOL GOLF CLUB within the meaning of Title VII, 42 U.S.C. §2000e(f).

9.      At all times material to this action, COSTA DEL SOL GOLF CLUB was ACOSTA'S employer within the meaning of Title VII, 42 U.S.C. §2000e(b).

10.      At all times material to this action between approximately August 2019 and February 2020, ACOSTA satisfactorily performed her essential duties for COSTA DEL SOL GOLF CLUB.

11.      In approximately December 2019 or January 2020, Andrea Gonzalez was hired by COSTA DEL SOL GOLF CLUB as its Assistant Manager, and along with Defendant's General Manager, Julio (a/k/a Cesar) Brenes, Gonzalez was one of ACOSTA's supervisors.

12.      Between approximately January 2020 and continuing until late February 2020, Gonzalez subjected ACOSTA to unwanted harassment and discrimination because of ACOSTA's sex/gender, Female, and Gonzalez regularly made derogatory, sexist remarks towards ACOSTA while Gonzalez frequently spoke to ACOSTA in a condescending manner multiple times each week on a regular and recurring basis—which sex/gender harassment and discrimination by Gonzalez ACOSTA objected to—including but not limited to, by way of example, the following discriminatory conduct by Gonzalez:

(a) shortly after their initial introduction at work, Gonzalez stated to ACOSTA's supervisor, Brandon Brenes, that Gonzalez was "not going to deal" with ACOSTA and another day—while in the presence of one of COSTA DEL SOL GOLF CLUB's customers—Gonzalez asked if ACOSTA "was a virgin," followed by Gonzalez calling ACOSTA a "prude," again in front of one of Defendant's customers.

(b) Gonzalez frequently told men in the workplace that she "didn't like working with girls" and that Gonzalez preferred to hire a man for ACOSTA's position because Gonzalez "got along with guys better."

(c) Gonzalez routinely made passive aggressive comments towards ACOSTA and belittled ACOSTA while Gonzalez also regularly refused to help carry out necessary work tasks if ACOSTA asked Gonzalez about those tasks but Gonzalez would seemingly instantly handle tasks if Gonzalez was asked to address the same issue by one of ACOSTA's male co-workers including but not necessarily limited to, by way of example, male employee Samuel Palacios.

13.     In or around January 2020, Gonzalez implemented a new "uniform policy" at COSTA DEL SOL GOLF CLUB that prohibited employees from wearing leggings or tracksuits despite (a) the fact that ACOSTA had been wearing leggings at work for approximately five (5) months since Plaintiff was first hired by Defendant; and (b) Defendant's General Manager, Julio Brenes, having told ACOSTA directly that leggings were acceptable workplace attire.

14.     When ACOSTA asked Gonzalez in or around February 2020 why Gonzalez was allowing male employees to wear tracksuits after the new "uniform policy" was being enforced with respect to ACOSTA and Female employees but not Male employees, Gonzalez replied: "But they're boys. You can't just show up here showing your ass and 'toto' everywhere," referring to Plaintiff's vagina.

15.     On more than a dozen or more occasions between approximately January 2020 and February 2020, ACOSTA complained to one her Supervisors, Brandon Brenes—COSTA DEL SOL GOLF CLUB's Lead Pro Shop Attendant—about Andrea Gonzalez's sex/gender harassment and discrimination against Plaintiff and other Female employees because of their

sex/gender, including but not necessarily limited to ACOSTA reporting to Brandon Brenes: Gonzalez's condescending attitude towards Plaintiff; Gonzalez's demeaning, sexist comments about ACOSTA as a woman and how Plaintiff could not wear the same things as a man in the workplace; Gonzalez asking ACOSTA if Plaintiff was a virgin; Gonzalez's preference for and lenience toward male employees at COSTA DEL SOL GOLF CLUB; the culture of sexism against Female employees at COSTA DEL SOL GOLF CLUB that Gonzalez fostered without Defendant's management taking action to stop it from continuing; and frequent and persistent criticism by Gonzalez about ACOSTA's work and Plaintiff's personality.

16.     Similarly, on a total of approximately three (3) occasions between January 2020 and late February 2020, ACOSTA complained to COSTA DEL SOL GOLF CLUB's General Manager, Julio Brenes, about Andrea Gonzalez's sex/gender harassment and discrimination against Plaintiff and other Female employees.

17.     Significantly, Julio Brenes agreed that he had observed the pattern of Andrea Gonzalez's discriminatory conduct against ACOSTA based upon Plaintiff's sex/gender, Female, but COSTA DEL SOL GOLF CLUB failed to take remedial action to address Gonzalez's discrimination.

18.     In approximately January 2020, COSTA DEL SOL GOLF CLUB reduced ACOSTA's weekly hours after several of Plaintiff's complaints to Defendant about Andrea Gonzalez's sex/gender harassment and discrimination.

19.     On February 21, 2020, Gonzalez refused to acknowledge ACOSTA's presence in the morning at work, and while Gonzalez made a phone call that morning from within her office, ACOSTA heard Gonzalez loudly talking about Plaintiff and exclaiming that ACOSTA was

reportedly "showing [her] my ass everywhere" in the pants Plaintiff was wearing that day—even though Plaintiff's pants were long culottes which were appropriate, business attire.

20.     Later on February 21, 2020, ACOSTA made a final complaint to COSTA DEL SOL GOLF CLUB's General Manager, Julio Brenes, about Andrea Gonzalez's sex/gender harassment and discrimination against Plaintiff because of ACOSTA's gender/sex, Female.

21.     However, instead of taking remedial action to help ACOSTA, COSTA DEL SOL GOLF CLUB terminated Plaintiff's employment on February 21, 2020 in retaliation for ACOSTA's repeated complaints about Gonzalez's alleged harassment and discrimination because of ACOSTA's sex/gender, Female.

22.     The reasons proffered by and relied upon by COSTA DEL SOL GOLF CLUB for terminating ACOSTA's employment were false and known to be false by COSTA DEL SOL GOLF CLUB and instead were a pretext for sex/gender discrimination and retaliation against ACOSTA in violation of Title VII.

23.     All conditions precedent to the institution of the claims in this Complaint under Federal law have either occurred or been waived.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24.     On or around April 18, 2020, ACOSTA dual filed a Charge of Discrimination against COSTA DEL SOL GOLF CLUB with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging sex/gender discrimination as well as retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*. and the Florida Civil Rights Act (FCRA), F.S. §760.01 *et seq*.  A copy of ACOSTA's EEOC Charge, Charge No. 510-2020-03522, is attached hereto as Exhibit A.

25.     On or around July 23, 2020, the EEOC issued a Notice of Right to Sue to ACOSTA, see Exhibit B, which Notice was received by the undersigned counsel for Plaintiff via e-mail from the EEOC.

26.     This Complaint is being filed with the Court within Twenty-Nine (29) days of receipt on July 23, 2020 of the Notice of Right to Sue in connection with Charge No. 510-2020-03522 and Plaintiff has exhausted all administrative remedies on the Title VII claims pled in this Complaint.

27.     All conditions precedent to the institution of this action under Federal law have either occurred or been waived.

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. §2000e ET SEQ. - UNLAWFUL SEX/GENDER DISCRIMINATION**

Plaintiff, SOFIA ACOSTA, reasserts and reaffirms the allegations of Paragraphs 1 through 27 as if fully set forth herein and further states that this is an action against COSTA DEL SOL GOLF CLUB INC. for Sex/Gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

28.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex ..."  42 U.S.C. §2000e-2(a)(1).

29.     At all times material to this action, COSTA DEL SOL GOLF CLUB had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. §2000e(b).

30.     Throughout the course of ACOSTA's employment with COSTA DEL SOL GOLF CLUB between approximately January 2020 and February 2020, ACOSTA was subjected to: (a) unwelcome harassment and discrimination by Andrea Gonzalez because of ACOSTA's sex/gender, Female, which was continuing, severe, and pervasive, and that constituted a hostile work environment; and (b) disparate treatment by Andrea Gonzalez because of ACOSTA's sex/gender, Female, all in violation of in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

31.     COSTA DEL SOL GOLF CLUB's management knew about the unlawful gender/sex harassment and discrimination because of ACOSTA's repeated complaints about Andrea Gonzalez's discriminatory conduct against ACOSTA because of her sex/gender, Female, but Defendant failed to take appropriate corrective action to address the unlawful conduct against ACOSTA.

32.     As a result of COSTA DEL SOL GOLF CLUB's failure to take prompt remedial action in response to the internal complaints that ACOSTA made to Defendant's management, ACOSTA was subjected to further harassment and discrimination because of ACOSTA's sex/gender, Female, which inappropriate conduct continued through late February 2020 in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

33.     COSTA DEL SOL GOLF CLUB's disparate treatment of ACOSTA was so severe and pervasive that it altered, the terms, conditions, and privileges of ACOSTA'S employment with Defendant.

34.     On or around February 21, 2020, COSTA DEL SOL GOLF CLUB terminated ACOSTA's employment because of ACOSTA's gender/sex, Female, for one or more proffered reasons that were false and known to be false by Defendant at the time of Plaintiff's termination.

35.     A motivating factor behind COSTA DEL SOL GOLF CLUB's termination of ACOSTA's employment in February 2020 was Plaintiff's sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

36.     COSTA DEL SOL GOLF CLUB's violations of ACOSTA's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for ACOSTA's rights as guaranteed under the laws of the United States.  As such, ACOSTA is entitled to punitive damages against COSTA DEL SOL GOLF CLUB pursuant to 42 U.S.C. §1981a(a)(1).

37.     ACOSTA has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem, and other injuries as a direct result of COSTA DEL SOL GOLF CLUB's violations of 42 U.S.C. §2000e-2(a)(1) & (2).

38.     Pursuant to 42 U.S.C. §2000e-5(k), ACOSTA is entitled to recover her reasonable attorneys' fees and costs from COSTA DEL SOL GOLF CLUB.

WHEREFORE, Plaintiff, SOFIA ACOSTA, demands judgment against Defendant, COSTA DEL SOL GOLF CLUB INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.***

Plaintiff, SOFIA ACOSTA, reasserts and reaffirms the allegations of Paragraphs 1 through 27 as if fully set forth herein and further states that this is an action against COSTA DEL

SOL GOLF CLUB INC. for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

39.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

40.     When ACOSTA objected between approximately January 2020 and February 2020 to unwanted harassment and discrimination by Andrea Gonzalez because of ACOSTA's gender/sex, Female—which conduct of Gonzalez the Plaintiff reasonably and in good faith believed was illegal—ACOSTA engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

41.     Similarly, when ACOSTA complained to Brandon Brenes and Julio Brenes on multiple occasions between approximately January 2020 and February 2020 about the harassment and discrimination by Andrea Gonzalez against ACOSTA because of Plaintiff's gender/sex, Female—which conduct of Gonzalez the Plaintiff reasonably and in good faith believed was illegal—ACOSTA engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

42.     Between approximately January 2020 and February 2020, ACOSTA reasonably and in good faith believed she was being subjected to (a) unlawful harassment and discrimination by Andrea Gonzalez because of Plaintiff's, gender/sex, Female; and (b) disparate treatment by COSTA DEL SOL GOLF CLUB because of Plaintiff's gender/sex, Female, as a result of which ACOSTA made repeated complaints to Defendant's management about this gender/sex-based

harassment and discrimination, such that Plaintiff engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

43.     COSTA DEL SOL GOLF CLUB began intentionally retaliating against ACOSTA in or around late January 2020 following ACOSTA'S objections to and complaints about the harassment and discrimination by Andrea Gonzalez because of ACOSTA's gender/sex, Female, including but not necessarily limited to COSTA DEL SOL GOLF CLUB (a) reducing Plaintiff's work hours; and (b) ultimately terminating Plaintiff's employment in late February 2020, in violation of 42 U.S.C. §2000e-3(a).

44.     COSTA DEL SOL GOLF CLUB's unlawful retaliation against ACOSTA was sufficiently severe and pervasive that it altered the terms, conditions and privileges of ACOSTA's employment with COSTA DEL SOL GOLF CLUB, in violation of 42 U.S.C. §2000e-3(a).

45.     On or around February 21, 2020, COSTA DEL SOL GOLF CLUB terminated ACOSTA's employment in retaliation for ACOSTA's repeated complaints about and objections to the harassment and discrimination because of ACOSTA's gender/sex, Female, which Plaintiff harassment and discrimination reasonably and in good faith believed was illegal, in violation of 42 U.S.C. §2000e-3(a).

46.     The fact that ACOSTA engaged in activity protected by Title VII—by, *inter alia*, (a) objecting to the harassment and discrimination because of Plaintiff's sex/gender, Female, to which ACOSTA was subjected by Andrea Gonzalez; and (b) complaining on multiple occasions to COSTA DEL SOL GOLF CLUB's management between January 2020 and February 2020 about the unwanted  harassment and discrimination because of Plaintiff's sex/gender, Female, which Plaintiff reasonably and in good faith believed was illegal—was a motivating factor

behind COSTA DEL SOL GOLF CLUB's termination of ACOSTA's employment in February 2020, in violation of 42 U.S.C. §2000e-3(a).

47.    COSTA DEL SOL GOLF CLUB's unlawful retaliation against ACOSTA was intentional and done with malice and reckless disregard for ACOSTA'S rights as guaranteed under Title VII.  As such, ACOSTA is entitled to punitive damages against COSTA DEL SOL GOLF CLUB pursuant to 42 U.S.C. §1981a(a)(1).

48.    As a direct and proximate result of COSTA DEL SOL GOLF CLUB's unlawful retaliation against ACOSTA, Plaintiff has suffered damages and was deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem, and other injuries as a direct result of COSTA DEL SOL GOLF CLUB's violations of 42 U.S.C. §2000e-3(a).

49.    Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), ACOSTA is entitled to recover her reasonable attorneys' fees and costs from COSTA DEL SOL GOLF CLUB.

WHEREFORE, Plaintiff, SOFIA ACOSTA, demands judgment against Defendant, COSTA DEL SOL GOLF CLUB INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## **JURY TRIAL DEMAND**

SOFIA ACOSTA demands trial by jury on all issues so triable.

Dated:  August 21, 2020                    Respectfully submitted,


                            By:   **<u>KEITH M. STERN</u>**
                                  Keith M. Stern, Esquire
                                  Florida Bar No. 321000
                                  E-mail:  employlaw@keithstern.com
                                  LAW OFFICE OF KEITH M. STERN, P.A.
                                  One Flagler
                                  14 NE 1st Avenue, Suite 800
                                  Miami, Florida 33132
                                  Telephone:  (305) 901-1379
                                  Attorneys for Plaintiff

# EXHIBIT A

EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>510-2020-03522 |
|---|---|---|

| Florida Commission on Human Relations | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name (Indicate Mr., Ms., Mrs.)<br>Sofia Acosta | Home Phone (Incl. Area Code)<br>(786) 913-0001 | Date of Birth<br>2/11/2001 |
|---|---|---|
| Street Address<br>5288 NW 114 Avenue, Apt. #106 | City, State and ZIP Code<br>Miami, Florida 33178 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name<br>Costa Del Sol Golf Club Inc. | No. Employees, Members<br>15+ | Phone No. (Incl. Area Code)<br>(305) 592-3300 |
|---|---|---|
| Street Address<br>100 Costa Del Sol Blvd. | City, State and ZIP Code<br>Doral, Florida 33178 | |
| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest           Latest<br>                    Feb 21, 2020<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In August 2019, I began working for Respondent as a Desk Attendant.

In January 2020, Andrea Gonzalez was hired by Respondent as Assistant Manager and, along with Respondent's General Manager, Julio Brenes, was one of my supervisors. From the outset of Andrea Gonzalez's hiring and continuing until late February 2020, Ms. Gonzalez subjected me to harassment and discrimination because of my sex/gender, Female, and regularly made derogatory, sexist remarks towards me and spoke to me a condescending manner multiple times each week on a regular and recurring basis, including but not limited to, by way of example the following. Shortly after our initial introduction at work, Ms. Gonzalez, stated to another employee that she was "not going to deal" with me and another day--in the presence of one of Respondent's customers--Ms. Gonzalez asked if I "was a virgin," followed by Ms. Gonzalez calling me a "prude," again in front of a customer. Moreover, Ms. Gonzalez frequently told men in the workplace that she "didn't like working with girls" and that she preferred to hire a man for my position because she "got along with guys better." Further, Ms. Gonzalez routinely made passive aggressive comments towards me and belittled me while she also regularly refused to help carry out necessary work tasks if I asked her about those tasks but Ms. Gonzalez would virtually instantly handle those tasks if she was asked to address the same issue by one of my male co-workers.

Additionally, in or around January 2020, Ms. Gonzalez implemented a new "uniform policy" that prohibited employees from wearing leggings or tracksuits despite (a) the fact that I'd been wearing leggings at work for five months since I was first hired by Respondent; and (b) Julio Brenes, Respondent's General Manager, having told me directly that leggings were acceptable workplace attire. Further, when I asked Ms. Gonzalez in or around February 2020 why she was allowing male employees to wear tracksuits after the "uniform policy" was being enforced with respect to female employees, Ms. Gonzalez replied: "But they're boys. You can't just show up here showing your ass and 'toto' everywhere."

[CONT'D ON NEXT PAGE]

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>04/18/2020   *Sofia Acosta (Apr 18, 2020)*<br>Date          Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>510-2020-03522 |
|---|---|---|

| Florida Commission on Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

On multiple occasions between January 2020 and late February 2020, I complained to Respondent's General Manager, Julio Brenes, about Andrea Gonzalez's sex/gender harassment and discrimination against me and other Female employees. Mr. Brenes agreed that he had observed the pattern of Ms. Gonzalez's discriminatory conduct, but Respondent failed to take remedial action. In approximately late January 2020, Respondent reduced my weekly hours after several of my complaints about Ms. Gonzalez's harassment and discrimination.

On February 21, 2020, Ms. Gonzalez refused to even acknowledge my presence in the morning at work, and while Ms. Gonzalez made a phone call that morning from within her office, I heard her loudly talking about me and exclaiming that I was reportedly "showing my ass everywhere" in the pants I was wearing that day--even though my pants were long culottes which were appropriate, business attire. Later on in the morning of February 21, 2020, I made a final complaint to Respondent's General Manager, Julio Brenes, about Andrea Gonzalez's harassment and discrimination against me because of my gender/sex, Female. However, instead of taking remedial action to help me, Respondent further retaliated against me by terminating employment on February 21, 2020 shortly after my final complaint to Julio Brenes.

I believe Respondent subjected me to discrimination and disparate treatment based upon my sex/gender, Female, and I believe Respondent retaliated against me because I objected to sex/gender discrimination, all in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 04/18/2020          *Sofia Valera Acosta (Apr 18, 2020)*<br><br>Date                          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# EXHIBIT B

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Sofia Acosta**<br>**5288 N.W. 114 Avenue, Apt. #106**<br>**Miami, FL 33178** | From:  **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2020-03522** | **Latasha Nelson,**<br>**Investigator** | **(786) 648-5841** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jacqueline Gabriel for*

07/23/2020

Enclosures(s)

**BRADLEY A. ANDERSON,**
**Acting District Director**

*(Date Mailed)*

cc:

| **Respondent's Representative** | **Charging Party's Legal Representative** |
|---|---|
| **Julio Brenes**<br>**General Manager**<br>**COSTA DEL SOL GOLF CLUB INC.**<br>**100 Costa Del Sol Blvd.**<br>**Doral, FL 33178** | **Keith Stern, Esq.**<br>**KMS LAW**<br>**Brickell City Tower**<br>**80 Sw 8th Street, Suite 2000**<br>**Miami, FL 33130** |

Enclosure with EEOC
Form 161-B (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:    **Christian Zinn
Zinn Law Office, PLLC
7957 N. Univeristy Drive #115
Parkland, FL 33067**